IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN TIMM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  05-1276 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for its Answer and Affirmative Defenses states as follows:

### JURISDICTION

Defendant admits that 28 U.S.C. 1331 and 1337 and 42 U.S. 2000e-5 can confer jurisdiction on this Court.  Defendant denies that any violation of these statues occurred. Defendant further denies that the Court has jurisdiction over any claims to which Plaintiff has failed to exhaust his administrative remedies or are outside the scope of his charge of discrimination before the EEOC.

Defendant admits that the Central District of Illinois - Peoria Division, is the appropriate venue for any action brought for events occurring in or around Dwight, Illinois.

1.  Defendant admits the allegations in paragraph 1 of the Complaint.

2.  Defendant admits the allegations in paragraph 2 of the Complaint.

3.  Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 3 of the Complaint and, therefore, denies same and demands strict proof thereof.

4.  Defendant admits the allegations in paragraph 4 of the Complaint.

5.  Defendant admits the allegations in paragraph 5 of the Complaint.

6.  Defendant admits that in November, 2003, an incident occurred at the Dwight Correctional Center in which an inmate suffering from certain health maladies died. Defendant admits that at the time of the incident Plaintiff and a female correctional officer were on duty. Defendant denies that it employs a female nurse. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.  Defendant admits that Plaintiff was terminated in March, 2004. Defendant admits that Plaintiff's conduct on the day of the inmate's death constituted cause for termination.

8.  Defendant admits that the prisoner who died was assigned to the segregation unit. The Defendant admits that the female correctional officer identified in paragraph 6 of the Complaint was assigned to the segregation unit on the day of the inmate's death. Defendant admits that both the Plaintiff, a sergeant, and the female correctional officer exercised their contractual rights under the union contract to seek arbitration of their discipline before a neutral arbitrator. The Defendant admits that the arbitrator in Sgt. Alan Timm's case found that his conduct warranted discharge. Defendant admits that the arbitrator in the female correctional officer's case found that her conduct warranted a ten-day suspension. Defendant denies that it had the ability to alter or impose discipline different from that which was ordered by the arbitrators. Defendant denies that it employs

a female nurse. Defendant lacks knowledge as to whether the female nurse received any discipline because in 2003-2004, she was not an employee of the Defendant. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

    9.    Defendant denies the allegations in paragraph 9 of the Complaint.

    10.    Defendant denies the allegations in paragraph 10 of the Complaint.

    11.    Defendant denies the allegations in paragraph 11 of the Complaint.

## **AFFIRMATIVE DEFENSES**

    1.    Plaintiff failed to timely bring a charge of discrimination within the applicable statutory requirement.

    2.    The employment decisions of which Plaintiff complains were not made by the Department or anyone in its employ.

    Respectfully submitted,

    ILLINOIS DEPARTMENT OF CORRECTIONS ,

        Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

        Attorney for Defendant,

By:   /s/ Stephanie L. Shallenberger
      Stephanie L. Shallenberger, #6279773
      Assistant Attorney General
      500 South Second Street
      Springfield, IL 62706
      Telephone: (217) 782-9014
      Facsimile: (217) 524-5091
      sshallenberger@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALAN TIMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 05-1276 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2005, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on December 19, 2005, I mailed by United States Postal Service, the document to the following non-registered participant:

Alan Timm
1359 East 3400 North Road
Chebanse, IL 60922

Respectfully submitted,

/s/ Stephanie L. Shallenberger
Stephanie L. Shallenberger, #6279773
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9014
Facsimile:  (217) 524-5091
sshallenberger@atg.state.il.us

-4-